Ruffin, C. J.
 

 On the 11th day of November, 1835, the plaintiff and defendant entered into articles, whereby the plaintiff agreed to sell to the other party a tract of land lying in Caswell County and containing 160 acres, at and for the price of $1,700; which the defendant agreed to pay on or before the 25th of December, 1836; upon which payment being made, the plaintiff obliged himself to convey to the defendant in fee, and let him into possession.
 

 
 *347
 
 Before and during the month of February, 1837, the ant made payments on the contract amounting, altogether, the sum of $1,133; and then the plaintiff executed and delivered a deed in fee to the defendant, who thereupon took possession of the land and has been ever since in the enjoyment of it.
 

 The bill states that the deed was prepared before hand by a person, who expected that the whole purchase money would be paid, and who also believed it to be proper and necessary to the operation of the deed, that the whole consideration and its satisfaction should be stated in the instrument; and that, for those reasons, he inserted therein a clause, acknowledging the receipt of the whole purchase money by the plaintiff: and also that the plaintiff, not knowing the legal effect of such a clause, executed and delivered the deed to the defendant, without receiving any more of the purchase money than $1,133, as aforesaid, and believing that the defendant was liable and would pay to him the balance thereof and the interest thereon. But the defendant has refused to make any further payment; and to an action at law for the balance pleaded the said deed, as a release, which caused the plaintiff to be nonsuited, and defeated of the recovery of the money, still justly due in respect of the said land and the sale to the defendant.
 

 The prayer of the bill is, that the defendant may set forth and discover what payments he made in discharge of the purchase money; and whether a balance, -and what remains due on that account to the plaintiff; and whether the plaintiff intended to give up such balance or any part thereof without receiving payment; and whether it was at the time of its execution, believed by the parties that the deed in its present form would extinguish the plaintiff’s demand or was so intended to do; and whether, if such be its effect, the plaintiff did not, in the belief of the defendant, execute the said deed in ignorance of such effect and by mistake: and that the plaintiff may have an account, and a decree for the balance that may be found due to him in the premises, to be paid by the defendant, or raised out of the land; and for general relief.
 

 
 *348
 
 The defendant by plea set forth the deed made by the plaintiff (as the same is stated in the bill,) and insisted on the acknowledgment of the receipt of the purchase money, contained therein, as a release. And on the argument of the plea it was held by the court, that equity could not give relief, against the acquittance and release contained in the deed; and, therefore, the plea was allowed and the bill dismissed. From the decree the plaintiff appealed.
 

 If this cause were before an English Chancellor, there would be no hesitation in overruling the plea, upon the ground of the vendor’s lien; which is familiar doctrine in that country. It is founded on the principle of justice, that upon a sale and conveyance the purchase money not being paid, the vendor is a trustee for the other party; and he must, of course, answer as to the matter which converts him into a trustee. As long ago as the case of
 
 Copping
 
 v.
 
 Copping, 2
 
 Pr. Wms. 291, it was held, that a receipt for the purchase money made no difference, if the money was not actually paid; and as there was no proof nor allegation there of the payment of the purchase money, the court, notwithstanding the receipt, would not send the point to a master for an enquiry.
 

 The same opinion was entertained by Lord Redesdale in
 
 Hughes
 
 v.
 
 Kearney,
 
 1 Sch. & Lef. 132; in which a promissory note, payable to a trustee, was taken for a balance of the purchase money, and an acquittance for the whole inserted in the deed; and yet, the land was held bound for that balance. Thus, the estate is deemed a securityfor the purchase money, whatever form the transaction may assume, and it so remains, except in those cases in which the vendor is sup. posed to have given up this, by taking another and a distinct security.
 

 If this equity is to be recognised here, even as between vendor and vendee — a point, that, perhaps, cannot be said to be entirely settled — it disposes of the case for the plaintiff; for every plea admits the bill, and interposes other and particular matter in bar. We do nol, however, find it necessary to consider of this equity further in this case; for if an equitable
 
 *349
 
 lien does not hold with us to any purpose, the plea is, ertheless, bad, for other reasons.
 

 It may be taken, that the scope of the bill is the limited one merely, of getting rid of the release, as having been inserted ignorantly in the deed, and its execution obtained from the plaintiff by surprise, inasmuch as it was not founded on the consideration imported in it, namely, the payment of the purchase money, nor any other valuable or meritorious consideration, and there does not. appear to have been any intention in the plaintiff to abandon or extinguish his demand, thus obviously just. To a bill stating such a case and seeking to have a release, a release thus obtained, put out of the plaintiff’s way, the
 
 question
 
 is, whether the defendant can, by way of plea, oppose that very release, as a bar: that is to say, the release, nakedly? We think, very clearly not.
 

 It is true that to a bill, which seeks relief against a release, a plea of the same release may be good. It is so if upon the bill there appears matter upon which it is fit the release should be supported in equity as well as at law; as in
 
 Griffith
 
 v.
 
 Mauser
 
 & Vaughan, Hardr. 168, where the bill itself stated a valuable consideration for the impeached release, and, therefore, a plea of the release,
 
 perse, was
 
 allowed. But the bill gives no such colour or support to this release; and, on the contrary, states, as grounds for impeaching it, that it was obtained without consideration, and without due information and deliberation on the part af the plaintiff, and in ignorance of its operation; and,
 
 for those reasons,
 
 the plaintiff claims to be relieved. A plea of the release, nakedly, in such a case, and not noticing at all those circumstances and defects imputed by the bill to the release, manifestly evades the charges of the bill,, and leaves the gist of the equity untouched. It is, perhaps, not entirely settled, in what way, as the most proper, those circumstances of fraud or surprise, when alleged in the bill, are to be met by the defendant. As the nature of a plea, generally speaking, is to admit the bill and allege some short point, upon which, if issue be joined and found for the defendant, the cause is at an end, it has been doubted, whether a plea should be extended to the articular circumstances stated in avoidance, in the bill; and
 
 *350
 
 whether those matters be not the proper subjects of an answer.
 
 Bayley v. Adams,
 
 6 Ves. 586. Yet by some it seems
 
 to have been
 
 thought, that every plea must be
 
 perfect
 
 *n *tse^ so as to c°ntain a complete bar
 
 to
 
 the bill, and, therefore, ought to contain full negative averments touching the particular circumstances, on which the claim to relief against
 
 the
 
 instrument rests. It seems, however, at least necessary, according to Lord Eldon’s opinion in
 
 Bayley
 
 v.
 
 Adams,
 
 that those charges must be met by general averments in the plea, and that supported by particular denials
 
 in
 
 an answer: so that, in some way, all the equitable grounds for impeaching the release shall be denied; Here there is no answer; and the plea has no averment, either particular or general, as to anyone of the facts stated as the grounds of the plaintiff’s equity. A Court of Equity does not sustain these shorthand bars, such as a release, a stated account and the like, unless they be pleaded as not only existing instruments, but also as being fair and true and proper to be equitably enforced. In a plea on an account stated, if error or fraud
 
 be charged, they
 
 must be denied, as also in an answer; and if error or fraud be not charged, yet the defendant must by the plea aver that the account is just and true to the best of his knoweledge. Mitf. PI. (Jeremy’s Ed.) 260. So, if an award be pleaded
 
 to
 
 a bill to set aside, the award and open the accounts, charges of fraud or partiality must be denied in the plea and that supported by an answer showing the arbitrators not to have been partial or corrupt. So, with respect to this particular subject of a release, now before us, Lord Redesdale states, Id. 263, that the plea of release
 
 musí set
 
 out
 
 the consideration,
 
 upon which it was made, if it be impeached in that point; and this for the verysufficient reason, that the release, if founded on a bad consideration, or not on a sufficient one, ought not to protect the party from discovering such consideration or want of consideration. In other words, the release, unless fairly obtained and on a proper consideration, ought not to preclude the court from going into the case and dealing out justice to the parties acccording to its real facts.
 
 Roche
 
 v.
 
 Morgell,
 
 2 Sch. & Lef. 721.
 

 Here as respects the unpaid balance of the purchase mo
 
 *351
 
 ney, the release is without any consideration, and appears to be founded on mistake and surprise, as alleged in the hill. Whether those allegations be true or not, the defendant must admit or deny, and, as his plea takes no notice of them, he must answer and make a discovery on those points. The decree made below must therefore be reversed, with costs in. this court; and the plea overruled, with costs in the court below, and the cause remanded, to be further proceeded in, according to what may be just and right.
 

 Per Curiam, Decree accordingly.